**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

VS.                                                        **CASE NO: 6:23-cr-100-PGB-DCI**

**DAVID MARCIONETTE**
_____/

## ORDER

This cause is before the Court on the Defendant's Notice of Removal from the Ninth and Tenth Judicial Circuits. (Doc. 1 (the "**Notice**")). The Court does not require a response from the State Attorney's Office, and upon due consideration, the cases referenced herein are remanded.

**I.   BACKGROUND**

The Defendant was charged in the Ninth Judicial Circuit with Aggravated Stalking After Injunction and Violation of an Injunction or Foreign Protection Order. (Doc. 1-10). While the Defendant seeks removal of a case pending in the Tenth Judicial Circuit, he attaches no documents to his Notice and fails to identify the nature of the charges pending in that Circuit. The Court notes that Mr. David Marcionette is a white male. (Doc. 1-74). The Court further observes that Florida's Tenth Judicial Circuit comprises Hardee, Highlands, and Polk counties, all of which fall within the Tampa Division of the Middle District of Florida. And Title 28, United States Code, Section 1443 provides that, under narrow circumstances, a "criminal prosecution[] commenced in a State court may be removed by the

defendant to the district court of the United States for the district and division embracing the place wherein it is pending." Even assuming the Defendant had a valid basis for removing the prosecution begun in the Tenth Judicial Circuit, removal is proper only in the Tampa Division.[1]

## II.   LEGAL STANDARDS

Title 28, United States Code, Section 1443 provides for, *inter alia*, removal of criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with the jurisdiction thereof."[2] A removal petition must satisfy the two-prong test developed in *Georgia v. Rachel*, 384 U.S. 780, 792, 794, 86 S. Ct. 1783, 16 L.Ed.2d 925 (1966). *See State v. Weber*, 665 F. App'x 848, 850 (11th Cir. 2016). Under the first prong, "the petitioner must show that the right he relies upon arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id*. "Second, he must show that he has been denied or cannot enforce that right in state court." *Id*.  Generally applicable rights that are available to all persons, such as the Equal Protection Clause, do not satisfy the first prong of the test. *Id*. As a result, "[a] defendant's

---

[1]   The Orlando Division comprises Brevard, Orange, Osceola, Seminole, and Volusia Counties.

[2]   Upon removal, "[t]he United States district court in which such notice is filed shall examine the notice promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*. § 1455(b)(4). But "[i]f the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require." *Id*. § 1455(b)(5).

2

reliance on broad constitutional or statutory provisions does not support removal under § 1443 when those provision are not phrased in 'the specific language of racial equality that § 1443 demands." *Id.*

Under the second prong, removal is warranted "only if the denial or unenforceability of specified federal rights in state courts is predictable by reference to a law of general application." *Id.* (citation omitted). For example, removal under § 1443 is proper when the defendant's state prosecution for trespass was to deter him from entering a restaurant in violation of the Civil Rights Act of 1964. *Id.* at 851 (citation omitted). And a defendant must show he is denied or cannot enforce specified federal rights in state courts because of some formal expression of state law. *Oliver v. Lewis*, 891 F. Supp. 2d 839 (S.D. Tex. 2012). Thus, the denial of the defendant's rights must normally appear from the state's statutory scheme itself and not from a mere maladministration of the law. *Student Non-Violent Coordinating Committee v. Smith*, 382 F.2d 9, 12–13 (5th Cir. 1967). That said, "[a]bsent an explicit state mandate to the contrary, we presume that federal rights can be effected in pending civil or criminal state proceedings." *Id.* (citations omitted). Finally, the denial of civil rights by illegal, corrupt, or prejudicial acts of executive or judicial officers of a state are not sufficient grounds for removal. *Commonwealth of Kentucky v. Powers,* 201 U.S. 1, 26–27, 26 S.Ct. 387, 50 L.Ed. 633 (1906).

## III. DISCUSSION

Without elaboration or supporting evidence, the Defendant claims the Federal Extradition Clause, found in Article IV, Section 2, Clause 2 of the Constitution, was abused "as retribution against the defendant for his use of protected expression in filing his grievances with the court." (Doc. 1, p. 1). He also alleges he was arrested on "Falsified claims by law enforcement, Dissolution Attorneys and officer of the court" and that his apartment was searched without his knowledge "and items were illegally seized" in violation of the Fourth Amendment. (*Id.*). The Defendant also alleges he has suffered unspecified, albeit many, abuses of process by "9th circuit judges, Public defenders, and State Attorney's (sic) in an intentional effort to cover up the botched investigation." (*Id.*).

The Defendant concludes that he has been "maliciously overcharged in 2 separate cases" without evidence and in violation of the Fifth Amendment. (*Id.* at p. 2). And he asserts that "[t]he State and the 9th Circuit have refused to comply with depositions" after witnesses were properly subpoenaed. (*Id.*). Without further elaboration, the Defendant claims he has been denied protections owed to him under the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments by "ninth circuit officers, and the Orange county Sheriffs Office." (*Id.*). The Defendant also claims, again without support, that the State Attorney concealed exonerating information, and that he is the "victim of character assassination" by a former ninth circuit clerk, her daughter, her daughter's dissolution attorney, the Orange County Sheriff's Office, and the Ninth Circuit. (*Id.*).

The Defendant fails satisfy the two prong standard for removal under § 1443. First, the Defendant fails to show that the right he relies on arises under a federal law providing for specific civil rights stated in terms of racial equality. And, secondly, he fails to show that he has been denied or cannot enforce that right in state court. At best, the Defendant claims the denial of civil rights by illegal, corrupt, or prejudicial acts of executive or judicial officers of a state, but this is not sufficient grounds for removal. *See Powers,* 201 U.S. at 26–27. As discussed above, the denial of the defendant's rights must normally appear from the state's statutory scheme itself and not from a mere maladministration of the law. *See Smith*, 382 F.2d at 12–13.

The Court, having reviewed the Defendant's Notice and the accompanying attachments, finds that it clearly appears that removal should not be permitted. Accordingly, the Court need not conduct an evidentiary hearing and enters this order for summary remand. *See* 28 U.S.C. § 1455(b)(4).

## IV.   CONCLUSION

For these reasons it is **ORDERED AND ADJUDGED** as follows:

1. This case is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2021-CF-008825, and to the Tenth Judicial Circuit, Case No. 2021-CF-009761; and

2. The Clerk of Court is thereafter **DIRECTED** to close this case.

**DONE AND ORDERED** in Orlando, Florida on May 31, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties